IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM L. BALLENGER, #257 525,   )
                                  )
          Plaintiff,              )
                                  )
v.                                )   CIVIL ACTION NO.: 2:10-CV-844-TFM
                                  )               [WO]
                                  )
GOVERNOR BOB RILEY, *et al.*,     )
                                  )
          Defendants.             )

## MEMORANDUM OPINION

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, alleges that rights, privileges,

or immunities afforded him under the Constitution or law of the United States have been

abridged by Defendants.   The defendants are identified as former Governor Bob Riley,

former Attorney General Troy King, former Director of Public Safety -  J. Christopher

Murphy, former Commissioner of the Alabama Department of Corrections  - Richard Allen,

Director of Central Records - Kathy Holt, and Director of Classification - Carolyn Golson.

Plaintiff requests trial by jury, damages, declaratory relief, preliminary and permanent

injunctive relief, and costs.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the

parties have consented to a United States Magistrate Judge conducting all proceedings in this

case and ordering the entry of final judgment.

Defendants filed an answer, special report, supplemental special report, and relevant

supporting evidentiary materials addressing Plaintiff's claims for relief.  The court informed

Plaintiff that Defendants' special report  may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff responded to the special report and supplemental special report filed by Defendants.  Thus, this case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, the evidentiary materials filed in support thereof, and the Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

3

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*

*Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525;  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.


## II.  BACKGROUND

Plaintiff is currently incarcerated at the Elmore Correctional Facility in Elmore, Alabama.  The documents before the court reflect that he is serving a fifteen  year sentence for his first degree rape conviction entered against him by the Circuit Court for Cullman County,  Alabama.  Plaintiff's projected release date is November 11, 2022. (*Doc. Nos. 1, 14*.)

In the present action, Plaintiff alleges that the Alabama Community Notification Act ["the Act" or "ACNA"], *Ala. Code* 1975 § 15-20-1 *et seq*. (1975, as amended), is unconstitutional as applied to him. In support of the complaint, Plaintiff makes a variety of allegations claiming abuse, harassment, discrimination, and general hardship based on

application to him of the ACNA.  Plaintiff also asserts the following  federal claims for relief: 1)  Defendants enactment, application, and enforcement of the ACNA violates his substantive rights, privileges and immunities protected by the Constitution; 2) Defendants enactment, application, and enforcement of the ACNA violates the Civil Rights of Institutionalized Persons Act [CRIPA], 42 U.S.C. § 1997, *et seq*.; 3) Defendants enactment, application, and enforcement of the ACNA violates the Religious Land Use and Institutionalized Persons Act [RLUIPA], 42 U.S.C. § 2000cc(1)(a), *et seq*.; 4) Defendants enactment, application, and enforcement of the ACNA violates the Americans with Disabilities Act [ ADA], 42 U.S.C. § 12101, *et seq*.; and 5) Defendants enactment, application, and enforcement of the ACNA violates the Alabama Religious Freedom Amendment [ARFA], under art. I, § 3.01 of the Alabama Constitution. (*Doc. No. 1*.)  In an amendment to the complaint, Plaintiff complains that the State of Alabama does not provide a classification system for sex offenders on its public registry which would allow them to be grouped according to an individual assessment of dangerousness and risk of re-offending. (*Doc. No. 19*.)

## III.  DISCUSSION

### A.  *Suit Against Defendants in Their Official Capacity*

To the extent Plaintiff seeks to sue Defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than

6

name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment); *Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995) (damages are unavailable from state official sued in his official capacity).

### B. The ACNA Claims

The Alabama Community Notification Act became effective in 1996. On July 1, 2011,

the Act was repealed by the Alabama Sex Offender Registration and Community Notification Act, Alabama Act No. 2011–640, § 49, Ala. Code § 15–20A–1, *et seq.*, ["ASORCNA"]. ASORCNA now governs the legal registration and community notification requirements applicable to adult sex offenders as defined in § 15-20A-4(1) and is "applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." Ala. Code § 15-20A-3.  Plaintiff's first degree rape conviction subjects him to the provisions of ASORCNA upon his release from incarceration.

As the ACNA was repealed by the Alabama Sex Offender Registration and Community Notification Act.  Ala. Code § 15–20A–1, *et seq.*, the court must decide whether repeal of the ACNA renders Plaintiff's challenges to the statute moot.  If repeal of the ACNA has rendered Plaintiff's challenges thereto moot, then such claims must be dismissed for lack of jurisdiction.

As explained, Plaintiff is currently imprisoned on his conviction for first degree rape. Any past or  current challenges Plaintiff seeks to make regarding the validity of the ACNA and its applicability to his rape conviction and/or the Act's potential future application to him or enforcement against him are now moot due to repeal of the statute.

 Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2.  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect

the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).   This is because courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975);  *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In  *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties
> lack a legally cognizable interest in the outcome of the litigation, such as
> where there is no reasonable expectation that the violation will occur again or
> where interim relief or events have eradicated the effects of the alleged
> violation.

(citations omitted).

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the

statute." *Coral Springs St. Sys., Inc. v. City of Sunrise,* 371 F.3d 1320, 1329 (11th Cir. 2004);

*National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("the repeal

or amendment of an allegedly unconstitutional statute moots legal challenges to the

legitimacy of the repealed legislation."); *Kremens v. Bartley,* 431 U.S. 119, 128-29 (1977)

(holding moot a constitutional challenge to a state statute governing the involuntary

commitment of mentally ill minors, because the law had been replaced with a different

statute).  Here, repeal of the ACNA has rendered Plaintiff's requests for injunctive and

declaratory relief in relation thereto moot and deprives the court of jurisdiction.

 The repeal of a challenged law does not necessarily moot a claim for damages by a

plaintiff alleging a past violation of his rights. *Outdoor Media Group, Inc., v. City of

Beaumont,* 506 F.3d 895,  902 (9th Cir. 2007). In this regard, however, the court must first

consider whether Plaintiff suffered any injury with respect to  his challenges concerning

application to him of the ACNA as presented in the complaint. *Artway v. Attorney General

of State of N.J.*, 81 F.3d 1235, 1246 (3rd Cir. 1996).  The mere speculative  threat of injury

is insufficient for Article III purposes. *See Babbitt v. United Farm Workers Nat'l Union,* 442

U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (plaintiff who challenges state statute

must demonstrate realistic danger of sustaining direct injury due to enforcement of the statute

against him); *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiffs' subjective

belief harm may occur fails to implicate a constitutionally protected interest); *Cotterall v.

Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (jurisdiction cannot be premised upon mere

speculation).

Here, the record before the court fails to demonstrate that the provisions of the ACNA were ever applied to Plaintiff. Plaintiff appears to base his claim for damages on the potential threat of application of various provisions of the now-repealed statute. Plaintiff may not, however, bring a prospective damage claims under § 1983. *See Tanner Advertising Group v. Fayette County*, 451 F.3d 777, 786 (11th Cir. 2006). As explained, damages are reserved for constitutional deprivations that have occurred, not those that are merely speculative. *Id.* Accordingly, because there is no present case or controversy to support the court's jurisdiction over Plaintiff's challenges to application of various provisions of the ACNA to him, such claims shall be dismissed for lack of jurisdiction.

*C. The Remaining Federal Causes of Action*

Plaintiff maintains that by enacting, applying and enforcing the ACNA Defendants willfully subjected him to and/or conspired to subject him to alleged violations of his substantive rights, privileges and immunities protected by the Constitution, including various rights under the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments, as well rights protected under Art. 1, § 9, the Constitutional Rights of Incarcerated Persons Act ["CRIPA"], 42 U.S.C. § 1997, *et seq.*, the Religious Land Use and Institutionalized Persons Act of 2000 ["RLUIPA"], 42 U.S.C. § 2000cc(1)(a), *et seq.*, the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12101, *et seq.*, and the Alabama Religious Freedom Amendment

11

["ARFA"], Art. I, § 3.01 of the Alabama Constitution. To the extent these allegations are not

subject to dismissal for the reasons previously set forth in this opinion, *see infra* pp. 7-11,

and to the extent Plaintiff may bring a cause of action under the amendments and/or Acts

delineated above, his contentions are merely broad assertions of constitutional violations

without any facts to support his asseverations that Defendants violated or conspired to violate

his rights under the Constitution and stated statutory provisions through enactment,

application and/or enforcement of the ACNA.[2] *See Fullman v. Graddick,* 739 F.2d 553, 556-

57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to

state a claim upon which relief can be granted and is subject to dismissal). That is, Plaintiff's

complaint fails to identify any specific facts that allow the court to make a plausible inference

that any of the conduct or actions he attributes to the named defendants amounted to a

violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

---

[2] With respect to Plaintiff's challenge to Defendants "enactment" of the ACNA, none of the named Defendants are or were responsible for enacting state laws. Even if Plaintiff had named a proper defendant, the Supreme Court has "recognized that state legislators enjoy common-law immunity from liability for their legislative acts" and that this immunity can shield officials against suits brought under 42 U.S.C. § 1983 seeking damages, declaratory relief, or injunctive relief. *Supreme Court of Va. v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 732 (1980) (citing *Tenney v. Brandhove,* 341 U.S. 367 (1951)); *see also Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1062 (11th Cir. 1992) (legislative immunity applies to "those acts which are 'necessary to preserve the integrity of the legislative process.'") (quoting *United States v. Brewster,* 408 U.S. 501, 517 (1972)). In *Scott v. Taylor,* 405 F.3d 1251, 1257 (11th Cir. 2005), the Eleventh Circuit concluded that state legislators who act in their legislative capacities are entitled to absolute legislative immunity whether a suit seeks damages or prospective relief and regardless of whether the state legislators are named in their individual or official capacity.

12

cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp., v.  Twombly,* 550 U.S. 555, 556 (2007)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a  defendant amounted to a violation of his constitutional rights.  *Id.* Further, "[b]ecause vicarious liability is inapplicable to ... [section] 1983 suits, a plaintiff must plead that each Government official defendant, *through the official's own individual actions,* has violated the Constitution." *Id*.  at 1948 (emphasis added). A plaintiff must plead that a defendant acted with "purpose rather than knowledge" to satisfy this standard. *Id.* at 1949.

Here, Plaintiff fails to specify the injury or harm caused by any of Defendants' allegedly unconstitutional conduct and only makes conclusory suppositions as to the potential impact he believed the "sex offender laws" would have on him following his release from prison. (*See Doc. No. 1, Ballenger Affidavit.*)  Plaintiff's allegations of injury are speculative at best, however, and coupled with his broad and unsubstantiated assertions of constitutional

violations against the named defendants without any factual development to support his claims against them is insufficient to defeat their motion for summary judgment. The court, therefore, concludes that Defendants' dispositive motion shall be granted with respect to the allegations set forth above to the extent they are not otherwise subject to dismissal for lack of jurisdiction.[3] *Celotex*, 477 U.S. at 324; *Harris*, 65 F.3d at 916.

### D. The Sex Offender Registry Classification Claim

In an amendment to the complaint, Plaintiff alleges that Defendants should institute a tiered classification system based on a convicted sex offender's individual dangerousness. Plaintiff argues that the failure of the State of Alabama to have such a classification system on its website registry of sex offenders violates his constitutional rights. That is, Plaintiff maintains that without providing information on the registry of sex offenders as to a registrant's dangerousness, those presumably not dangerous must endure the stigma of the general public erroneously thinking otherwise. (*Doc. No. 19.*)

---

[3]The court notes Plaintiff's assertion that Defendants conspired to violate his rights under 42 U.S.C. § 1985, as well as under 42 U.S.C. § 1983. Under § 1985, Plaintiff must establish (a) the existence of a conspiracy; (b) that Defendants intended to deny Plaintiff of his equal protection of laws, or equal privileges and immunities under the laws; (c) injury or deprivation of a federally-protected right; (d) an overt act in furtherance of the object of the conspiracy; and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action. *See Arnold v. Board of Education of Escambia County, Alabama,* 880 F.2d 305, 317-318 (11th Cir. 1989), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993). As the court has already determined, Plaintiff's allegations of a conspiracy between Defendants are conclusory, vague, and general which is insufficient. *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.1990); *Fullman,* 739 F.2d at 556-57. Additionally, Plaintiff has not alleged that Defendants' conduct was motivated by race or any other class-based invidiously discriminatory animus. Consequently, Plaintiff fails to state a claim for relief under § 1985.

14

In *Connecticut Department of Public Safety v. Doe,* 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), the Court addressed a Fourteenth Amendment Due Process challenge to Connecticut's sex offender registration and notification law on grounds that it did not provide registrants a pre-deprivation hearing to determine whether they were currently dangerous. Reasoning that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme," *Id.* at 4, and that Connecticut's registration requirement was "based on the fact of previous conviction, not the fact of current dangerousness," the Supreme Court found that "due process does not entitle [a defendant] to a hearing...." *Id.* at  4, 7.

Here, Plaintiff's contention that he has a constitutional right not to be stigmatized due to omission  of a registrant's dangerousness on Alabama's sex offender registry and website listings entitles him to no relief.  Although Plaintiff does not assert violation of a specific federal constitutional right with regard to this claim, the court understands him as implicating the Fourteenth Amendment Due Process Clause.  The law is well-settled, however, that damage to reputation alone does not implicate a protected liberty or property interest. *See Paul v. Davis,* 424 U.S. 693, 701 (1976).  In order for a defamation claim to be viable under § 1983, Plaintiff must show that the "governmental action taken ... deprived [him] of a right previously held under state law." *Id.*  at 708.  That is, in addition to showing reputational harm, Plaintiff must also show an alteration or extinguishment of an interest protected by the Constitution or state law.  *Id.* at 708-09. This is known as the "stigma-plus" test. *Id.* at 711.

15

The *Doe* Court applied the "stigma-plus" test in context of the challenge to Connecticut's sex offender registry law. As noted, the Court determined that because the basis of Connecticut's registration requirement is the fact of conviction alone, dangerousness and the opportunity to be heard on the issue of dangerousness are simply not material issues. *See Doe,* at 7-8. Alabama's current sex offender website registry is based upon the fact of an offender's conviction. There is no indicator or statement regarding the dangerousness of the persons listed on the registry. *See* Alabama Department of Public Safety Community Information Center, *available at* [http://dps.alabama.gov.](http://dps.alabama.gov.) *See* Ala. Code § 15-20A-8.[4] Further, there is no indicator on the website that the State has made an individual determination regarding a registrant's dangerousness and cautions persons viewing the site that "the information contained on th[e] site may not reflect the current residence, status, or other information regarding the offender." *See Id.* Thus, similar to the *Connecticut Dept. of Public Safety v. Doe* Court, the State "has decided that the registry of information of *all* sex offenders - currently dangerous or not - must be publicly disclosed" and "states are not barred by principles of '*procedural* due process' from drawing such classifications." *Id.* 538 U.S. at 11 (emphasis in original). Based on the foregoing, Defendants are entitled to summary judgment on Plaintiff's sex offender registry classification claim.

---

[4]Ala. Code § 15-20A-8 concerns registration information for the public registry website and delineates the information which is to be provided.

*E.  The Exercise of Supplemental Jurisdiction*

Plaintiff seeks to invoke the supplemental jurisdiction of this court with respect to his claims arising under state law. In the posture of this case, however, the exercise of such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984).  The exercise of supplemental jurisdiction is discretionary.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."  *L.A. Draper and Son*, 735 F.2d at 428.  In view of this court's resolution of the federal claims presented in the complaint, Plaintiff's supplemental state law claims shall be  dismissed.  *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

A separate Order follows.

Done, this 3rd day of July 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE